MEMORANDUM OPINION



No. 04-04-00177-CR



Daniel RODRIGUEZ,


Appellant



v.



STATE of Texas,


Appellee



From the 187th Judicial District Court, Bexar County, Texas


Trial Court No. 2002-CR-6099


Honorable Raymond Angelini, Judge Presiding



Opinion by: Paul W. Green, Justice


Sitting: Paul W. Green, Justice

 Sarah B. Duncan, Justice

 Sandee Bryan Marion, Justice

 

Delivered and Filed: May 26, 2004 


DISMISSED


 Pursuant to a plea bargain agreement, Daniel Rodriguez pled nolo contendere to
driving while intoxicated (habitual). On February 18, 2004, the trial court imposed sentence
and signed a certification of defendant's right to appeal. See Tex. R. App. P. 25.2(a). After
Rodriguez timely filed a general notice of appeal, the clerk sent copies of the certification
and notice of appeal to this court. See Tex. R. App. P. 25.2(e). Apparently through an
oversight, the certification did not specify whether Rodriguez had a right to appeal; therefore,
on April 28, 2004, this court remanded to the trial court for an amended certification. Our
order stated that "[u]nless the amended trial court certification shows that Rodriguez has the
right of appeal, this appeal will be dismissed without further notice pursuant to Rule 25.2(d).
See Tex. R. App. P. 25.2(d); 37.1; Daniels v. State, 110 S.W.3d 174, 177 (Tex. App.-San
Antonio 2003, interlocutory order) (en banc)." The supplemental clerk's record, which
includes the trial court's amended Rule 25.2(a)(2) certification, has been filed. See Tex. R.
App. P. 25.2(d). The amended certification states that this "is a plea-bargain case, and the
defendant has NO right of appeal." See Tex. R. App. P. 25.2(a). 

 "In a plea bargain case . . . a defendant may appeal only: (A) those matters that were
raised by written motion filed and ruled on before trial, or (B) after getting the trial court's
permission to appeal." Tex. R. App. P. 25.2(a)(2). The clerk's record, which contains a
written plea bargain, establishes that the punishment assessed by the court does not exceed
the punishment recommended by the prosecutor and agreed to by Rodriguez. See Tex. R.
App. P. 25.2(a)(2). The clerk's record does not contain a written motion ruled on before trial
nor does it indicate the trial court granted Rodriguez permission to appeal. The trial court's
amended certification therefore appears to accurately reflect that this is a plea bargain case
and Rodriguez does not have the right to appeal. This court must dismiss an appeal "if a
certification that shows the defendant has the right of appeal has not been made a part of the
record." Tex. R. App. P. 25.2(d).

 We therefore dismiss this appeal. Tex. R. App. P. 25.2(d). 

 

 Paul W. Green, Justice

Do Not Publish